Case No. 20-5393, Carolyn Tipton v. Comm of Social Security Argument not to exceed 15 minutes per side Mr. Jones, you may proceed for the appellant Thank you. May it please the Court, Daniel Jones on behalf of the plaintiff appellant Carolyn Fay Tipton This is an appeal of an agency decision from the Social Security Administration denying Ms. Tipton disability benefits In this case, Ms. Tipton suffers from a combination of physical impairments, primarily rheumatological including fibromyalgia and connective tissue disease, as well as arthritic conditions These have been followed primarily by her treating board certified rheumatologist Dr. Brackett as well as by a group of pain management medical providers Plaintiff's argument in this case centers on whether the administrative law judge properly determined Ms. Tipton's residual functional capacity or RFC which is basically the Social Security Administration's way of saying what can Ms. Tipton do in an 8-hour workday on a consistent basis, 5 days a week or 40 hours a week So Ms. Tipton has raised two arguments regarding this issue One having to do with the opinions from the treating doctor and one having to do with her testimony But before I get to that, I just want to briefly talk about the standard of review here because there's no dispute that this court is reviewing the agency decision for whether it's supported by substantial evidence or not But I also want to point out that the other issue is whether there's also reversals required when there's an error of law And that is where most of the issues arise in this case So this court has actually held that in the Rogers case that when there's an error of law, that itself denotes a lack of substantial evidence And I think that the Rogers case is a good place to start here because the facts there are remarkably similar to those in Ms. Tipton's case Both this case and in Rogers, the claimant suffered from fibromyalgia as well as another rheumatological disorder In both cases, there was a treating rheumatologist who provided support for the claimant's disability In both cases, the opinions from the rheumatologist were rejected based on opinions from a non-examining doctor And in both cases, the ALJ placed undue weight on the claimant's activities of daily living to find the claimant's not disabled And if anything, I think that the facts in this case are even more compelling than those in the Rogers case Because in that case, the ALJ relied on a number of non-examining doctors, including one who was a specialist and who actually testified at the claimant's hearing Whereas in this case, the ALJ did not rely on the non-examining doctors In fact, in a lot of ways, disagreed with those opinions because they reviewed such a limited portion of the record And to the extent that the ALJ did rely on them, those opinions were based on a significantly undeveloped medical record So turning specifically to what the ALJ found in this case, what she did was she said she was giving partial weight to the treating rheumatologist, Dr. Brackett She said she agreed with Dr. Brackett's opinions on how much Ms. Tipton could lift and carry, but then rejected all of the other limitations described by the treating rheumatologist In particular, how long Ms. Tipton can sit, stand, and walk, which are obviously critical But also how often Ms. Tipton would require breaks from work during the day and how often she would miss work on a regular basis The ALJ articulated two reasons for discounting those disabling limitations from Dr. Brackett So the first finding made by the ALJ was that Dr. Brackett's disabling limitations are unsupported by Now while that is true, plaintiff submits it's not relevant to the opinions from Dr. Brackett Ms. Tipton hasn't been treated for any neurological conditions or mental conditions Her impairments are rheumatological in nature in terms of the fibromyalgia and the connective tissue disease Secondarily, she's also had a number of musculoskeletal impairments So what I think this gets at is that the ALJ here was improperly substituting her lay opinion of what findings are relevant to the opinions from Dr. Brackett When there are no contradictory medical opinions on those issues that consider this same evidence To get to the point, Dr. Brackett specifically stated that his opinions were based on a number of abnormalities Including blood testing consistent with rheumatological and immunological conditions Including positive ANA tests, positive rheumatoid factor, elevated sedimentation rates And also clinical abnormalities on examination which included pain, inflammation, limited motion in multiple joints Reduced grip strength, tenderness, swelling, joint deformities And trigger points consistent with those that are normally associated with fibromyalgia And are the main finding for diagnosing such conditions As we noted in our brief, these findings are wholly consistent with both Dr. Brackett's treatment records But also those from the pain management who also noted similar findings And even points more severe findings including deconditioning to the point where she was having atrophy in her muscles The second reason that the ALJ discounted the opinions from Dr. Brackett had to do with Ms. Tipton's activities Now, this court has repeatedly held Counselor, let me ask you this, records seem to say that the ALJ only gave partial weight to the treating physician opinion Because of contrary evidence in the record That pretty well demonstrated that she could do some form of work And that her residual functional capacity would permit her to do that Now, do you have an opinion as to whether the ALJ was correct in that assessment? And if not, if you do, what would that be? Sure, so in this case we basically have an opinion from the treating specialist And the only other contrary opinion is the opinion from the non-examining state agency doctors And the ALJ ultimately concludes that Ms. Tipton can perform sedentary work But it's plain disposition that the ALJ hasn't cited to any specific evidence that outlines that specific residual functional capacity Sedentary work would mean that she'd be sitting six hours a day and standing walking the remaining two hours Without having any unreasonable breaks or absences from work Again, this is on a regular and sustained basis So the ALJ in this case discounted both the opinions from the treating doctor And the opinions from the non-examining doctors on those limitations to the extent that they addressed them In that case, we're left with only the clinical and objective findings here Now, this court has repeatedly found that the ALJ can't interpret those medical findings into a particular residual functional capacity Now, there are decisions from the court that have held that an ALJ can certainly make common sense judgments about a residual functional capacity Based on a reading of the record when there's no evidence to the contrary So the defendant does cite some cases that have held that the ALJ is free to determine an RFC without a specific medical opinion But those cases are vastly different from this one where the plaintiff has put forth significant evidence from a treating specialist Specifically delineating those limitations There's no case that's held that an ALJ can interpret the evidence contrary to the opinions from a treating specialist on that regard And I think that even in the normal case that this court has held that the opinions from non-examining doctors are generally entitled to less weight than treating specialists But particularly under the facts of this case, it's significant when the treating doctor as a specialist has cited evidence supporting his opinions Those findings are consistent with the treatment records both from him and from other sources And the ALJ conceded that the non-examining doctors didn't have a good understanding of Ms. Tipton's residual functional capacity To the extent that she found that actually Ms. Tipton would have greater limitations But then did not explain what evidence in the records supports those greater limitations In addition, the non-examining doctors, as we pointed out, reviewed only a couple of months of records here When we're dealing with a period of a few years at issue And in addition to that, neither of the non-examining doctors are relevant specialists in the area of medicine So I just also note quickly to finish my thought that the evidence, as we noted in our reply brief Shows that Ms. Tipton did significantly have exacerbations frequently in her conditions after the non-examining doctors reviewed it That evidence was only considered by the treating specialist, not by any other physician So unless there's any questions, I will reserve the rest of my time All right, we'll hear from Ms. Ziegler May it please the court, Anne Ziegler on behalf of the Social Security Administration Mr. Jones, her plaintiff, frames this case as showing error of law But really he's not argued any error of law He's only argued that substantial evidence doesn't support the decision When actually in this case it does And that is the standard of review that we need to keep in mind in this case It's whether substantial evidence supports the ALJ's decision It's not whether there's enough evidence to support plaintiff's position Because in this case there could be But the question is whether there is substantial evidence Whether the ALJ discussed the evidence supporting his decision And whether a reasonable fact finder, whether a reasonable mind could find that enough evidence supports that conclusion And in this case it does How would you distinguish Rogers from this case? Rogers, your honor, honestly I am not familiar with the facts of Rogers I don't remember seeing that in the briefs But if I did I must have missed it, I'm not sure what the facts of that case were I believe that's the case he cited as establishing the error of law Oh yes, your honor Well that is true, that the court does look at both things Whether substantial evidence supports the decision or whether there is an error of law I'm saying that counsel hasn't established an error of law He hasn't argued that there's been an error of law By the ALJ discounting a treating physician's opinion is not an error of law The ALJ's job is to evaluate the opinion, evidence, the record as a whole And establish an RFC And doing so, finding an RFC for sedentary work in this case is not an error of law With respect to Dr. Brackett's treating physician opinion It is noteworthy that the ALJ didn't discount it completely And the ALJ did give it partial weight in assessing the RFC And the ALJ articulated sufficient reasons for discounting the opinion For not giving it controlling weight And that is really the standard that's required If the ALJ is not going to give a treating physician controlling weight They have to give good reasons And the ALJ here did just that Finding that other objective medical evidence in the record didn't support the limitations Now, counsel argues that the ALJ is reweighing Substituting her own opinion But that's not really what happened in this case The ALJ didn't look at the Didn't interpret medical evidence as counsel suggests The ALJ wasn't looking at lab reports and saying Well, this lab report doesn't show rheumatoid arthritis That's not what the ALJ did here The ALJ looked at that evidence and said, yes, it does Dr. Brackett assessed, diagnosed rheumatoid arthritis and fibromyalgia I believe as many of the impairments And the ALJ found that those were severe impairments But the ALJ looked at the opinion of functional limitations And found that the objective evidence didn't support the limitations Not that it didn't support the doctor's diagnosis And that's where the difference, I think, here between what counsel is arguing Is that the ALJ didn't look at the evidence like an MRI scan And interpret it differently than the doctor did That's not what happened Rather, the ALJ looked at the record as a whole, including other opinions Including the state agency opinions and plaintiff's own statements It's significant to note that plaintiff herself testified That she spent most of her time sitting, that she could lift up to 10 pounds Both of those are consistent with sedentary work And the ALJ noted that in the decision, considered her statements And found that that is consistent with sedentary work And considered her own statements And considering the opinion evidence, Dr. Brackett's opinion That she could lift 5 to 10 pounds The state agency opinions that found that she could do light work When the ALJ, after considering all the evidence Even all that evidence that came in after the state agencies did their review Found that overall, the evidence supported limitations Not as severe as Dr. Brackett's, but more severe than the state agency So the ALJ found a middle ground there in between the opinions Considering her own testimony and other evidence Like her activities of daily living Due to a technical issue, this section of audio was not captured Those factors as well as the objective evidence The ALJ formulated the RFC based on the record as a whole Anything further? I don't believe so, your honor If your honors have no questions All right, sure Any rebuttal, counsel? Yes, thank you I'd like to just address first What counsel said about that it's the ALJ's job To consider the entire record and determine the claimant's residual functional capacity I don't think that's disputed The residual functional capacity, though, still must be based on substantial evidence in the record And here, particularly regarding how long Ms. Tipton can sit, stand, walk How often she would require breaks and how often she would miss work That residual functional capacity is not supported by substantial evidence It's actually not supported by any evidence And although the ALJ can certainly consider evidence As counsel noted, the ALJ did not interpret the evidence to conclude that Ms. Tipton had some diagnosis different than the treating doctors That's not the end of the analysis I particularly would direct the court to this court's decision in Shields In that case, also the ALJ discounted the opinions from a treating doctor And did not credit any contrary opinions And while the court conceded that in some circumstances The ALJ may be able to craft a residual functional capacity supported by substantial evidence That is not based on medical opinions What the ALJ should not do is just list the diagnoses Say the diagnoses were considered along with the record as a whole And then craft a residual functional capacity based on those diagnoses And that is exactly what the ALJ did here Particularly with the opinions from the treating rheumatologist On how often Ms. Tipton would require breaks in the absence of work Because those opinions frankly are uncontradicted by anything in the record But to the extent that the ALJ rejected the sit, stand and walk opinions from Dr. Brackett While they are contradicted by the opinions from the non-examining doctor The ALJ felt that those opinions did not adequately capture the entire record And in such circumstances, the ALJ certainly has many options available for her to develop the record She could have called a medical expert to testify at the hearing Requested a consultative examination But instead, she did not do any of those options And instead we believe she improperly substituted her interpretation Of the severity of Ms. Tipton's impairments Although not the diagnosis And that is also improper That's what she really did I thought what the ALJ purported to have done Is to have given partial weight to the treating physician's opinion In light of contrary evidence in the record Not that the ALJ disregarded the treating physician's opinion The ALJ stated that she agreed with Dr. Brackett's opinions And gave them great weight to the extent that the doctor described limitations lifting and carrying But then continued on to discount every other opinion described by the treating doctor So there's no dispute on how much Ms. Tipton can lift and carry The crucial issue is can she sit, stand, and walk long enough in a regular work day to complete that work day And the treating rheumatologist said that she cannot And cited to extensive evidence supporting those opinions Not just the diagnosis, but actually how limited Ms. Tipton would be And the ALJ did not credit any evidence to the contrary on those I would also note that counsel pointed out that Ms. Tipton stated that she spends a lot of her time sitting during the day And can lift up to 10 pounds Again, how much she can lift and carry is not disputed That's not an issue and it's not alleged that that's disabling But to the fact that she said she spends a lot of time sitting during the day On page 361 of the record, she also said that she could sit for only 10 minutes at one time And then must get up and move around And that is not consistent with the sedentary job that the ALJ found where she would be sitting most of the day At least six hours at a time So in conclusion, I believe that the opinions from the treating rheumatologist are supported by a voluminous record here And the government's vocational expert has already testified that if those opinions were controlling or given significant weight That Ms. Tipton would not be able to work And I'd also note that Ms. Tipton is now receiving social security retirement benefits So this is for a discrete period at issue There wouldn't be any need to further develop the medical record on remand And for that reason, I think that it's an appropriate case to reverse and to award Ms. Tipton benefits But even if this court were to find that that is not appropriate in this case Certainly, there's overwhelming evidence that the ALJ did not consider And while we're not asking this court to reweigh the evidence We're asking that the ALJ properly weigh the evidence in the first instance I see my time is up, but if you have any further questions, I'm happy to answer Thank you very much